2022 IL App (2d) 210432-U
No. 2-21-0432
Order filed June 27, 2022

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* MARRIAGE OF | ) | Appeal from the Circuit Court |
| DIANE M. PAICE, | ) | of Lake County. |
| | ) | |
|     Petitioner-Appellee, | ) | |
| | ) | |
| and | ) | No. 03-D-761 |
| | ) | |
| JOHN W. PAICE, | ) | Honorable |
| | ) | Charles W. Smith, |
|     Respondent-Appellant. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Jorgensen and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: The trial court abused its discretion in denying respondent's petition to terminate the parties' agreement to maintain a life insurance obligation following a change of circumstance that terminated respondent's maintenance obligation.

¶ 2    Respondent, John Paice, appeals from an order of the circuit court of Lake County denying a prayer for relief in his petition to terminate spousal maintenance. John's petition requested that his maintenance obligation, which had been set at zero since the entry of a 2011 agreed order, be terminated along with his obligation to maintain a life insurance policy for the benefit of petitioner, Diane Paice. The trial court granted John's request to terminate spousal maintenance but denied

termination of his obligation to maintain the life insurance policy. For the reasons that follow, we reverse.

¶ 3                                    I. BACKGROUND

¶ 4     On August 7, 2006, the trial court issued an order for dissolution of the parties' marriage. The dissolution judgment incorporated the parties' August 3, 2006, marital settlement agreement. Relevant here, Article Eight, paragraph 1 of the agreement detailed John's obligation to maintain life insurance for Diane and their then-minor child, and read as follows:

> "The Husband shall maintain a life insurance policy on his life naming the Wife and the minor child as irrevocable beneficiaries with a minimum death benefit in the amount of $150,000.00. The Husband shall have said obligation to maintain said insurance policy until such time as the minor child of the parties is emancipated. After the child's emancipation, he shall continue to maintain the life insurance policy with a death benefit of no less than $150,000.00 naming the Wife as irrevocable beneficiary so long as he has an obligation to pay spousal maintenance. ***."

¶ 5     Following agreement of the parties to resolve a petition to modify maintenance filed by John, the trial court entered an agreed order on December 16, 2011, that denied John's request to terminate maintenance but reduced his maintenance obligation to Diane to "zero ($0.00)." The December 16, 2011, agreed order also modified Article Eight of the marital settlement agreement "to provide that the amount of insurance [John] is to maintain to secure his obligation to pay spousal maintenance is modifiable."

¶ 6     On June 22, 2020, John filed a petition to terminate spousal maintenance and related obligations, alleging that there had been a substantial change of circumstances since the entry of the December 16, 2011, agreed order. John averred that his income and assets had been

substantially reduced and given his age (70 years old) and health at the time of the petition's filing, his income would likely continue to decrease as he was "no longer able to perform the physically demanding work" that he was able to perform when younger. Relevant here, he requested that the trial court terminate both his obligation to pay Diane spousal maintenance and maintain life insurance on his life with Diane as beneficiary.

¶ 7    Following a February 9, 2021, hearing on John's petition[1], the trial court entered an order with the following two edicts:

> "1. John's obligation to pay spousal maintenance as set forth in the Judgment For Dissolution of Marriage entered herein on August 7, 2006, and modified by the Order entered on December 16, 2011, is hereby terminated. John and Diane's obligation to exchange financial documents as set forth within the Order of December 16, 2011, is terminated.
>
> 2. John's obligation to provide life insurance is not terminated, but the amount of the death benefit on the life insurance policy is modified to $146,803.44."

¶ 8    On March 8, 2021, John filed a motion to reconsider the trial court's February 9, 2021, order. John argued that the trial court's determination that his obligation to continue providing life insurance for the benefit of Diane was erroneous because Article Eight, paragraph 1 of the marital settlement agreement stated that his obligations to maintain such a life insurance policy ended with the termination of his maintenance obligation, an obligation that the February 9, 2021, order did, in fact, terminate.

---

[1] A Report of Proceedings from the February 9, 2021, hearing was not provided with the record to this appeal.

¶ 9        Following a June 29, 2021, hearing on John's motion to reconsider[2], the trial court issued a written ruling on July 2, 2021, articulated, in relevant part, as follows:

"The procedural history of the case is that the parties were divorced on August 7, 2006, after a marriage of 25 plus years. Diane was awarded indefinite maintenance as part of the Judgment for Dissolution of Marriage which incorporated a Marital Settlement Agreement. In 2010 John filed a petition for modification and/or termination of maintenance due to business reversals. On December 16, 2011, an Agreed Order was entered reducing John's maintenance to zero but requiring him to maintain life insurance with Diane as beneficiary pursuant to the terms of the Marital Settlement Agreement. In 2020, John again petitioned the court to terminate his maintenance obligation which the court did in its Order of February 9, 2021. That same order required John to maintain the life insurance policy with Dian as beneficiary per the terms of the Marital Settlement Agreement and the Agreed Order of December 16, 2011.

John's motion to reconsider highlights that in paragraph 8 of his motion to reconsider that Article [Eight], paragraph 1 on page 10 of the Marital Settlement Agreement that the obligation to maintain life insurance was imposed for so long as he has an obligation to pay spousal maintenance. Accordingly, John now argues that since that court terminated his maintenance obligation, he no longer has a duty to pay the premiums for the life insurance policy with Diane as beneficiary. John did not make this argument at the hearing. This argument ignores the December 16, 2011, Agreed Order whereby John's maintenance obligation was reduced to zero but he remained liable for the life insurance

_____

[2] A Report of Proceedings from the June 29, 2021, hearing was not provided with the record to this appeal.

premiums. John is bound to the terms of the 2011 Agreed Order, from which he never appealed, to continue to pay for the life insurance policy with Diane as the beneficiary. The court is obligated and encouraged to have parties entered into agreements and the court is to enforce those agreements [citation].

Motions to Reconsider *** are to bring to the court's attention 1) newly discovered evidence that was unavailable at the time of the first hearing, 2) changes in the law, or 3) errors in the court's previous application of existing law [citation]. No new evidence has been presented by *** John, no new law or cases are cited by John, and the court holds that it did not error in applying existing case law to the facts of this case. John entered an Agreed Order in December of 2011. Under that Agreed Order his maintenance was reduce to zero. He did not appeal from that order and has had the benefit of paying zero maintenance for 9 years while paying the premiums and keeping Diane as beneficiary of the life insurance policy for those 9 years."

¶ 10    The trial court denied John's motion to reconsider, and this timely appeal followed.

¶ 11                                    II. ANALYSIS

¶ 12    In this appeal, John contends that the trial court erred in ordering him to continue providing life insurance for the benefit of Diane after terminating his maintenance obligations in its February 9, 2021, order. He further contends that the trial court erred in denying his motion to reconsider that order. John argues that the plain language contained in Article Eight of the marital settlement agreement dictates that his life insurance obligations are to be extinguished if he no longer has spousal maintenance obligations.[3]

---

[3] The *pro se* appellate brief Diane presented to this court is titled as "BRIEF/CROSS-

¶ 13   A marital settlement agreement is construed in the manner of any other contract, and the court must ascertain the parties' intent from the language of the agreement. *Blum v. Koster*, 235 Ill. 2d 21, 33 (2009). The interpretation of a marital settlement agreement is reviewed *de novo* as a question of law. *Id.*

¶ 14   The trial court's application of section 504(f) of the Illinois Marriage and Dissolution of Marriage Act (IMDA) is also subject to *de novo* review by a reviewing court. See *Blum*, 235 Ill. 2d at 29. In construing a statute, our primary objective is to ascertain and give effect to legislative intent. *Id.* The most reliable indicator of legislative intent is the statutory language itself, given its plain and ordinary meaning. *Id.* When the statutory language is clear and unambiguous, we must apply it as written, without resort to extrinsic aids of statutory construction. *Id.*

¶ 15   Article Eight of the marital settlement agreement, incorporated in the parties' judgment for dissolution of marriage, shows that the parties intended that John would provide Diane with his life insurance benefits "so long as he has an obligation to pay spousal maintenance." The December 16, 2011, agreed order continued John's life insurance obligation after reducing his maintenance obligation to zero, and articulated that John's obligations would remain "modifiable pursuant to statute." However, the trial court's February 9, 2021, order terminated John's spousal maintenance obligations. Thus, his obligation to maintain life insurance pursuant to the marital settlement was extinguished. Similarly, the relevant statutory provisions of the IMDMA would not apply to modify that now-extinguished obligation.

---

APPEAL OF APPELLEE." However, no notice of cross-appeal was filed by Diane in the trial court, nor referenced within the arguments contained in her brief. As such, we will only analyze the contentions raised by John in his notice of appeal and appellate brief.

¶ 16    Section 504(f) of the IMDMA states as follows:

> "Maintenance secured by life insurance. An award ordered by a court upon entry of a dissolution judgment or upon entry of an award of maintenance following a reservation of maintenance in a dissolution judgment may be reasonably secured, in whole or in part, by life insurance on the payor's life on terms as to which the parties agree ***." 720 ILCS 5/504(f) (West 2020).

Both the martial settlement agreement and the subsequent December 16, 2011, agreed order allowed for John's life insurance obligations to Diane to continue as his maintenance obligations had yet been terminated. When the trial court terminated those obligations in its February 9, 2021, order, there no longer remained "an award of maintenance" that could be "reasonably secured, in whole or in part, by life insurance" on John's life. See 720 ILCS 5/504(f) (West 2020).

¶ 17    The trial court's February 9, 2021, order requiring John to maintain life insurance is contrary to the intent of section 504(f) of the IMDMA. Section 504(f) states that life insurance "may be reasonably secured" upon terms to which "the parties agree." In its ruling on John's motion to reconsider, the trial court stated that

> "John is bound to the terms of the 2011 Agreed Order, from which he never appealed, to continue to pay for the life insurance policy with Diane as the beneficiary. The court is obligated and encouraged to have parties entered into agreements and the court is to enforce those agreements."

However, the trial court's ruling does the exact opposite regarding enforcement of those prior agreements. The express intent of both the martial settlement agreement and the December 16, 2011, agreed order was to ensure that the life insurance for Diane continued so long as John had the obligation to provide her with spousal maintenance. The trial court terminated that obligation.

¶ 18    The trial court's ruling on John's motion to reconsider also states, as part of its reasoning in denial of that motion, that

"John *** argues that since that court terminated his maintenance obligation, he no longer has a duty to pay the premiums for the life insurance policy with Diane as beneficiary. John did not make this argument at the [February 9, 2021] hearing."

This court cannot say that John did or did not make that specific argument at the February 9, 2021, hearing on his petition to terminate maintenance and life insurance obligations, but the trial court stated in its ruling that it "considered all the pleadings as well as the arguments of counsel and the Petitioner." If that is true, the trial court's statement that he did not make an argument about his life insurance obligations after termination of spousal maintenance is erroneous.

¶ 19    John's petition to terminate spousal maintenance and related obligations detailed his alleged changes of circumstances following the December 16, 2011, agreed order. Attached to that petition was the 2006 judgment for dissolution of marriage incorporating the marital settlement agreement, as well as the December 16, 2011, agreed order. His prayer for relief in that petition specifically requested that the court "Terminate [John's] obligation to pay spousal maintenance to [Diane]" and "Terminate [John's] obligation to maintain life insurance on his life with [Diane] as beneficiary thereof[.]" Presumably the trial court read and was familiar with the language of the petition and its attachments. The language contained therein make it quite clear that John was arguing that after termination of his maintenance obligation, he no longer had a duty to pay the premiums for the life insurance policy with Diane as beneficiary per the explicit language of the marital settlement agreement and subsequent agreed order.

¶ 20    In construing the marital settlement agreement in the manner of any other contract, the parties' intent in the language of that agreement was for John's life insurance obligations to Diane

to cease upon the termination of spousal maintenance. The trial court agreed that John's changes in circumstances necessitated such a maintenance termination in its February 9, 2021, order. Nothing contained in the December 16, 2011, agreed order indicates that John or Diane intended to change the language contained in the marital settlement agreement stating that the obligation to maintain life insurance was dependent upon anything except John's obligation to pay spousal maintenance. There remains no maintenance to be secured by life insurance under the plain language of section 504(f) of the IMDMA. The trial court's ruling that John continue to pay life insurance for the benefit of Diane is against both the intent of the parties' agreement and existing statutory provisions.

¶ 21                                III. CONCLUSION

¶ 22    For the foregoing reasons, the judgment of the circuit court of Lake County that John continue to pay life insurance for Diane's benefit following the termination of his maintenance obligations is hereby reversed.

¶ 23    Reversed.